[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7509
Issues relating to child support were originally heard by this court on March 13, 1995, at which time the court ordered the plaintiff to pay child support in the weekly amount of $665 to the defendant pendente lite. The parties have two minor children issue of the marriage, one of whom resides with the plaintiff and the other with the defendant. Both of the parties are employed: the defendant as a UPS driver and the plaintiff as the sole proprietor of a telephonic polling service known as Key Communications. At the March hearing, the plaintiff had not yet received year end tax information with regard to her business, however, although her financial affidavit revealed a gross weekly income of $1833,00, her 1992 form 1040 revealed a gross income of $577,889 from her business and the 1993 form 1040 showed income of $380,676. Based on that information, the court entered its order pendente lite and offered the rehear the matter when the 1994 tax year's data was available.
Another hearing was held June 20, 1995 and the court finds that the relevant credible evidence revealed the following. The plaintiff's business is subject to income fluctuations from year to year as it is a service primarily used by political office seekers. The 1992 tax year's income was favorably influenced by the presidential elections with one of her biggest accounts the firm that had candidate Bill Clinton as a client. There was evidence presented which was proffered to show her expectations for income are not that high because she no longer services the firm which had Bill Clinton as a client. However, it is too early to conclude that this will be the case or that her income will not return to its high of 1992 as we enter into another presidential race with its attendant primaries. Presented with a financial affidavit at the June 20, 1995 hearing in which the plaintiff claims to be receiving income of $61 per week, the court was confronted squarely with the issue of credible evidence. Testimony showed that, although the Key Communications was, on a cash basis, losing money, the plaintiff was receiving an income from the cash reserves held by the business from previous years. The court finds that her income for the first five months of 1995 was $60,362, or $2808 per week. Clearly this qualifies as income even though its source may be reserves from the business. The 1994 form 1040 revealed a gross income of $208,829 or $4016 per week. Using the average of these two weekly incomes, the court finds that for the full 1994 calendar year and the first five months of 1995, plaintiff's average gross CT Page 7510 weekly income is $3412.
The court also finds that the defendant's weekly income is $957 rather than the $775 shown on his affidavit dated June 19, 1995. The court's figure is derived from his year to date average shown on his paycheck stub. Further, his claim that he paid his mother $300 per week in cash as rent was totally unsubstantiated and not credible.
The two parties have a combined gross weekly income of $4369. Based on her 1994 form 1040, the plaintiff's federal taxes were $855 per week, state taxes $161, and self employment taxes of $249 for a net of $2147. For the defendant, the court has deducted weekly figures of $120 for federal taxes, $43 for state taxes and $62 for social security payments for a net of $732. The parties' combined net weekly income is found to be $2879. Since the child support guidelines do not cover parties with this high a net weekly income, the court is left to its own discretion with regard to the amount and respective shares to be paid by each parent in this split custody situation. Accordingly, this court finds each parent's decimal share of the combined income to be 75% for the plaintiff and 25% for the defendant. Deviation from the child support guidelines is permissible when one party has substantial assets, including income-producing and non-income producing property. Key Communications had on hand in available cash on December 30, 1994, over $198,000. Admittedly, while this is not entirely available for distribution to the plaintiff, it represents substantial resources available to her for meeting expenses. This court finds that deviation from the guidelines is appropriate and, accordingly, finds that the appropriate weekly support is $500. The plaintiff is ordered is ordered to pay to the defendant $375 per week as the net difference between plaintiff's support obligation for the child living with the defendant and defendant's obligation for support for the child living with the plaintiff.
The motion to modify the previous pendente lite orders of child support is granted retroactive to June 20, 1995.
STANLEY, J.